# CHARLES E. WINROW, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 460 S.W.2d 379.

Court of Criminal Appeals of Tennessee. July 9, 1970.

Certiorari Denied by Supreme Court Nov. 2, 1970.

Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Ewell C. Richardson, F. Glen Sisson, Asst. Dist. Attys. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

Charles E. Winrow, the petitioner below, filed a petition for post-conviction relief July 8, 1969, in which he says his main contention is that no evidence was presented to the jury on his guilty plea. He also says he was not advised of his right to appeal his conviction or a habeas corpus proceeding.

The trial court examined the files and records of petitioner's convictions as well as his earlier petitions for habeas corpus and post-conviction relief. The court's order shows that the petitioner was convicted of nine felonies and was sentenced to eight to ten years' imprisonment. Without an evidentiary hearing, he found without merit (1) the claim that no evidence was presented to the jury on his pleas of guilty and (2) the claim that his retained counsel did not advise him of his right to appeal after his guilty pleas.

The order recites that on joint application of the public defender and the State, the court granted a delayed appeal to review the matters presented in his previous petitions. Thereupon the petitioner filed a bill of exceptions of two consolidated petitions heard and dismissed November 1, 1968, after an evidentiary hearing.

The petitioner says the case must be reversed because the court attempted to grant a delayed appeal and validate the 1968 bill of exceptions.

Although the bill of exceptions of the earlier proceedings may not be considered on a petition for a delayed appeal because it was not filed within the time allowed by law, the court could look at all the files and records of petitioner's cases to determine whether or not the petitioner was entitled to relief.

Those records show that the petitioner was represented by two retained attorneys and that on his pleas of guilty all of his sentences were ordered concurrent except a five-year robbery sentence and a three-to five-year grand larceny sentence. This made an effective sentence of eight to ten years. His waiver of trials and requests for acceptance of pleas of guilty prepared by his retained counsel were also properly before the court as a part of the files and records of his cases.

The petitioner did not appeal from the judgment dismissing his earlier petitions and the official court reporter was under no duty to prepare his bill of exceptions within the time allowed by law. The attempt to grant a delayed appeal was harmless error insofar as the merits of this case are concerned.

The pleadings, files and records before the court conclusively show that the petitioner is entitled to no relief. See T.C.A. Sec. 40-3809.

All of the assignments are, therefore, without merit.

The trial court's judgment granting a delayed appeal is reversed and all grounds for the writ of habeas corpus being without merit, this petition is dismissed.

HYDER and RUSSELL, JJ., concur.